NOT FOR PUBLICATION

FILED

AUG 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICK ALLEN HART,

            Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,

            Defendant - Appellee.

No. 11-17375

D.C. No. 3:10-cv-01760-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 24, 2015[**]

Before:    LEAVY, GRABER, and OWENS, Circuit Judges

    Rick Allen Hart appeals pro se the district court's summary judgment

affirming the Commissioner of Social Security's denial of his applications for

disability insurance benefits and supplemental security income under Titles II and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The administrative law judge ("ALJ") properly accorded "less weight" to the contradicted opinion of Dr. Beatrice Song, a treating primary care physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ provided specific and legitimate reasons supported by substantial evidence for giving "the most weight" to the opinions of another treating physician and an examining physician. The ALJ explained that the other treating physician had relevant expertise as an orthopedic specialist, *see Molina*, 674 F.3d at 1112, that Dr. Song's opinion was undermined by evidence that Hart performed substantial gainful activity during part of the period during which Dr. Song found him disabled, *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009), and that Dr. Song's opinion rested to a large extent on Hart's self-reports, *see Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Any error in the ALJ's additional reasons for according less weight to Dr. Song's opinion was harmless. *See Molina*, 674 F.3d at 1115 (an ALJ's error in providing both valid and invalid reasons for a finding is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion).

The ALJ did not err in finding that Hart was not fully credible in his statements regarding disabling pain. The ALJ provided specific, clear, and convincing reasons for his credibility finding by referring both to the medical evidence and to the timing of Hart's sale of his service station business. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ's finding that Hart had the residual functional capacity to perform the full range of sedentary work by August 13, 2007, is supported by the ALJ's assessment of the doctors' opinions.

The ALJ erred in failing to discuss a lay witness's statement, but this error was harmless. *See Molina*, 674 F.3d at 1114, 1122.

We do not address the contention, raised for the first time on appeal, that the ALJ erred by finding that Hart engaged in substantial gainful activity until October 2006. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**